ORIGINAL

MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Stephanie J. Lister
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 31 2015

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MICHAEL JAMES ALDERMAN,

Defendant.

Case No.: 2:15-CR-00038-JLQ

Plea Agreement

Plaintiff, United States of America, by and through MICHAEL C. ORMSBY, United States Attorney for the Eastern District of Washington, and Stephanie J. Lister, Assistant United States Attorney for the Eastern District of Washington, and Defendant, MICHAEL JAMES ALDERMAN, and the Defendant's counsel, Matthew Campbell, agree to the following Plea Agreement:

1) <u>Guilty Plea and Maximum Statutory Penalties:</u>

The Defendant, MICHAEL JAMES ALDERMAN, agrees to plead guilty, pursuant to Federal Criminal Procedure Rule 11(c)(1)(C), to Count 1 of the Indictment filed on April 21, 2015, charging the Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

The Defendant, MICHAEL JAMES ALDERMAN, understands that the charge contained in the Indictment is a Class B Felony. The Defendant, MICHAEL JAMES

PLEA AGREEMENT - 1

ALDERMAN, also understands that the maximum statutory penalty for Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), with a prior qualifying conviction, is not less than 10 years nor more than 20 years imprisonment; a fine not to exceed $250,000; a term of supervised release of up to life; restitution, a Special Penalty Assessment of $100; and registration as a sex offender.

The Defendant, MICHAEL JAMES ALDERMAN, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2) <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant and the United States agree to jointly recommend that the Defendant be sentenced to 12 years imprisonment, to be followed by a 25 year term of supervised release, for possession of child pornography.

PLEA AGREEMENT - 2

If the Court does not accept the plea or chooses to sentence the Defendant to a greater or lesser sentence than the United States and the Defendant have agreed upon, the Defendant and the United States may each withdraw from the plea and this agreement is null and void.

3) <u>Waiver of Constitutional Rights</u>:

The Defendant, MICHAEL JAMES ALDERMAN, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a. The right to a jury trial;
    b. The right to see, hear and question the witnesses;
    c. The right to remain silent at trial;
    d. The right to testify at trial; and
    e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

4) <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), the United States would have to prove beyond a reasonable doubt the following elements:

    a. First, on or about January 16, 2015, within the Eastern District of Washington and elsewhere, the Defendant, MICHAEL JAMES ALDERMAN, knowingly possessed material that contained images of child pornography;

PLEA AGREEMENT - 3

b. Second, that the material had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer, or that the material was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer; and

c. Third, that at the time he possessed the material, the Defendant believed that such images constituted child pornography.

6) Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for MICHAEL JAMES ALDERMAN's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On March 8, 2007, Defendant, Michael J Alderman, was sentenced in Kitsap County Superior Court in cause 07-1-00065-6 for Failure to Register as a Felony Sex Offender. He was sentenced to 36 months Community Custody Supervision. As a result, Alderman has the following Court imposed conditions: Possess/access no pornography, sexually explicit materials, and/or information pertaining to minors via computer (i.e. internet) and the following imposed Department of Correction (DOC) condition: consent to search and seizure of his person, residence, automobile, or other personal property if there is reasonable cause on the part of the Department of Corrections to believe that a violation has occurred.

On January 16, 2015, a Community Corrections Officer (CCO) received a phone call from a citizen that Alderman possessed a Tablet that contained images of

PLEA AGREEMENT - 4

children posing nude and involved in sexual acts. Further investigation led CCO's to believe that Alderman was in violation of his conditions by using the internet to possess/access pornography. On January 16, 2015, Community Corrections Officers examined Alderman's Verizon 7" Tablet Model #QMV7A at the citizen witnesses' residence, found child pornography images on the Tablet and took possession of it. Also on January 16, 2015, a Community Corrections Officers went to Defendant Alderman's residence in Spokane, WA. Defendant Alderman opened the front door and was taken into custody without incident.

Further investigation resulted in the seizure by CCO of Alderman's cellular phone and his composition notebook. The composition notebook contained the username, password and security question for tazzmanfun@gmail.com. On February 6, 2015, a Federal search warrant was issued by the Eastern District of Washington, served upon Google and Google responded with the account content of tazzman082372@gmail.com. Federal Bureau of Investigation Special Agent Leland McEuen reviewed the contents of the emails and found that there were several text emails regarding requests to trade child pornography, both from and to the email account tazzman082372@gmail.com. The account had several emails with child pornography attached to the emails. The account was linked to Hotjames69 on imgsrc.ru. An email dated 3-20-2014 received from Dmitrij Stretlin at dim.ok_7496@mail.ru had two images attached to it that depicted a prepubescent female displaying her vagina. Additional emails discussed the trading and distribution of child pornography images.

On February 13, 2015, Defendant, Alderman, was interviewed at the Washington State Department of Correction (DOC) building in Spokane, WA. Alderman was advised of his *Miranda* rights, which he waived and he consented to the recording of the interview. Alderman stated that since October of 2014 he had been trading child pornography on the internet. Alderman said the Tablet computer

PLEA AGREEMENT - 5

was his and that he used it to receive and trade child pornography. He stated that he transferred child pornography from the tablet to the Acer computer to store the images and videos, since the tablet had Internet access at open wi-fi locations but limited memory capacity. He tried to use KIK to watch a live child pornography event, but couldn't get the access to work. Alderman also confirmed that he chatted with other people regarding the trading of child pornography. Alderman stated he had a sexual interest in incest and stated that he had been convicted for molest of his prepubescent daughter. Alderman stated he had three prior events where he had sexual contact with a child.

A forensic examination was completed by an FBI Computer Forensic Agent of Alderman's 1) Verizon 7" Tablet model HFS-QMV7A, 2) Compaq Presario Computer S/N MXF550091Y and 3) LG Cell phone S/N 407CYTB0713393 which revealed in excess of 600 images and videos of child pornography; images depicting minors engaged in sexually explicit conduct. The child pornography images were first downloaded/received and possessed on September 12, 2014 and continued to be downloaded through on or about January 16, 2015. Some of the child pornography images portray sadistic, masochistic depictions of violence and a number of the images are images of children under the age of 12 years.

6) <u>The United States Agrees:</u>

At the time of sentencing, the United States agrees to move to dismiss Count 2 of the Indictment, which charges the Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2).

7) <u>United States Sentencing Guideline Calculations:</u>

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a. <u>Base Offense Level</u>:

The United States and the Defendant agree that the base offense level for Possession of Child Pornography is 18. <u>See</u> U.S.S.G. §2G2.2(a)(1).

b. <u>Specific Offense Characteristics</u>:

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the material involved children who had not attained the age of 12. <u>See</u> U.S.S.G. §2G2.2(b)(2).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved distribution other than distribution described in subdivisions (A) through (E). <u>See</u> U.S.S.G. §2G2.2(b)(3)(F).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional four (4) levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. <u>See</u> U.S.S.G. §2G2.2(b)(4).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. <u>See</u> U.S.S.G. §2G2.2(b)(6).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional five (5) levels because the offense involved more than 600 images of child pornography. <u>See</u> U.S.S.G. §2G2.2(b)(7)(D).

c. <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit

PLEA AGREEMENT - 7

any obstructive conduct; accepts this Plea Agreement; and signs and provides this agreement for filing with the court no later than July 31, 2015, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level would be 30.

    d.    <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

    8)    <u>Jointly Recommended Term of Imprisonment</u>:

The United States and the Defendant agree that this plea agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to jointly recommend Defendant be

PLEA AGREEMENT - 8

sentenced to 12 years imprisonment followed by a 25 year term of supervised release for possession of child pornography.

9) <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

10) <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a 25 year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

    a. that the Defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer, this includes prohibiting the Defendant from having any contact with any child by telephone or the internet. The Defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

    b. that the Defendant allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the Defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The Defendant shall not possess or use any data encryption technique or program. The Defendant shall purchase and use such hardware and software systems that monitor the Defendant's computer usage, if directed by the Probation Officer;

    c. that the Defendant shall not reside or loiter within 500 feet of places where children under the age of 18 congregate, which includes

PLEA AGREEMENT - 9

primary and secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades;

d. that the Defendant shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. § 2256(2). The Defendant shall not enter or be present at any establishment involved in the sex industry, including adult book stores, massage parlors, escort services, and strip bars. The Defendant shall not use any sex-related adult telephone number. The Defendant shall provide all his/her telephone records to monitor compliance, at the direction of the Probation Officer;

e. that the Defendant register as a sex offender, according to the laws of each state in which the Defendant resides, is employed, or is attending school. The Defendant shall provide verification of compliance with this requirement to the Probation Officer;

f. that the Defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph testing, and completion of the ABEL assessment, at the direction of the Probation Officer;

g. that the Defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The

Defendant shall contribute to the cost of treatment according to the Defendant's ability.

11) <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

12) <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

13) <u>Forfeiture</u>:

The Defendant, MICHAEL JAMES ALDERMAN, agrees to voluntarily forfeit and relinquish all right, title and interest in all assets identified in the Notice of Criminal Forfeiture Allegations contained in the Indictment, to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of such assets, including, but not limited to the following:

1) Verizon 7" Tablet model HFS-QMV7A,
2) Compaq Presario Computer S/N MXF550091Y,
3) LG Cell phone S/N 407CYTB0713393.

The Defendant stipulates that he is the sole owner of the assets identified in the Indictment and that no one else has an interest in the assets.

The Defendant acknowledges that the assets listed above that the Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of the Possession of Child Pornography charge alleged in the

PLEA AGREEMENT - 11

Indictment to which Defendant is pleading guilty. The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

14) <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15) <u>Waiver of Appeal Rights and Collateral Attack</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his/her right to appeal his/her conviction and the sentence the Court imposes, including any restitution order. Defendant further expressly waives his/her right to file any post-conviction motion attacking his/her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

PLEA AGREEMENT - 12

16) <u>Notice of Sex Offender Registration:</u>

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that he/she must update his/her registrations not later than three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17) <u>Integration Clause:</u>

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

PLEA AGREEMENT - 13

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

MICHAEL C. ORMSBY
United States Attorney

_[signature]_ (for)  7/31/15
Stephanie J. Lister                      Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_[signature]_                             7-31-15
MICHAEL JAMES ALDERMAN        Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_[signature]_                             7-31-15
Matthew Campbell                    Date
Attorney for the Defendant

PLEA AGREEMENT - 14