UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL JAMES ALDERMAN,<br><br>    Defendant. | NO. 2:15-CR-00038-JLQ<br><br>ORDER REJECTING PLEA AGREEMENT |

      On October 2, 2015, the court held a hearing on Defendant Michael Alderman's plea of guilty to Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). By reason of his prior convictions of abusive sexual assault and contacts with minors, the maximum prison sentence is twenty (20) years. Assistant Federal Defender Matthew Campbell represented Alderman, who was present and in custody. Assistant U.S. Attorney Stephanie Lister appeared for the Government. This Order memorializes and supplements the court's oral rulings.

      Alderman pled guilty on July 31, 2015, pursuant to a Fed.R.Crim.P. 11(c)(1)(C) Plea Agreement. The court accepted his plea of guilty but reserved ruling on the acceptance or rejection of the Plea Agreement until after review of the Presentence Report. *See* Fed.R.Crim.P. 11(c)(3)(A). The Plea Agreement provided for a stipulated term of 12 years incarceration and 25 years supervised release.

      It is within the court's discretion to accept or reject a Plea Agreement. *In re Morgan*, 506 F.3d 705, 709 (9th Cir. 2007). "[A] district court properly exercises its

ORDER - 1

discretion when it rejects a plea agreement calling for a sentence the court believes 'is too lenient or otherwise not in the public interest' in light of the factual circumstances specific to the case." *Id*. at 712 (quoting in part *Ellis v. United States District Court*, 356 F.3d 1198, 1209 (9th Cir. 2004) (en banc)). If the court chooses to reject the Plea Agreement, it must do so in whole, rejecting the entire Plea Agreement rather than in a "piecemeal" manner. *Id.* at 708-09.

The court considered the unique and specific factual circumstances of this case and rejected the Plea Agreement *en toto*. The court has no categorical policy for or against Fed.R.Crim.P. 11(c)(1)(C) Plea Agreements and has not rejected such an Agreement for at least one year while accepting the many proffered 11(c)(1)(C) Agreements in cases assigned to this court. The circumstances of Alderman's offense conduct speaks for itself as he used five separate email accounts to solicit and trade child pornography over the internet while on active supervision with the State of Washington for a failure to register as a sex offender conviction. In addition, the court recognized that Alderman has an extensive criminal history involving various sex offender violations and convictions for contact offenses, including minors, as set forth in the Presentence Report. The court found the Plea Agreement to be too lenient in light of these facts and a Guideline Range of 235 to 240 months. Pursuant to Fed.R.Crim.P. 11(c)(5), the court informed the parties of its rejection of the Plea Agreement. The court offered Alderman the opportunity to withdraw his plea of guilty, and advised him that if his plea is not withdrawn, the court may dispose of this case less favorably toward him than the Plea Agreement specified.

After the court rejected the Plea Agreement, the Government stated its desire to withdraw from the Plea Agreement, while Mr. Campbell argued that the Government could not withdraw and was bound to dismiss Count II if Alderman exercised his right to continue with sentencing on his plea of guilty. The court did not rule on this issue and advised the parties that if the Government intended to withdraw from the Plea Agreement

ORDER - 2

based on the court's rejection, the parties would need to provide additional briefing on this issue.

After discussing the matter, Ms. Lister suggested that if Alderman elected to proceed to sentencing on his plea of guilty, the Government would ask for the statutory maximum of 20 years incarceration and would abide by the original agreement to dismiss Count II. In order to give counsel and Alderman time to further consider the issues and options, the court continued the matter to October 13, 2015, at 2:00 p.m.

**IT IS HEREBY ORDERED**:

1. The Plea Agreement dated July 31, 2015, is rejected *en toto*.
2. Further hearing on this matter is set for **Tuesday, October 13, 2015, at 2:00 p.m.**

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 5th day of October, 2015.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3