FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JAMES ALDERMAN,<br><br>Defendant. | NO. 2:15-CR-0038-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's construed Motion for Compassionate Release. ECF No. 89.  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Defendant's motion is **denied**.

## BACKGROUND

Defendant pleaded guilty to Possession of Child Pornography and was sentenced to 228 months of incarceration, followed by 30-years of Supervised Release.  ECF No. 61.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

1   On February 23, 2024, Defendant submitted a request for early release to the
2   FCI Tucson's Warden. ECF No. 1109 at 6. Defendant's request was denied.
3   On October 9, 2024, Defendant filed his Motion for Compassionate Release.
4   ECF No. 89. Defendant requests the Court to reduce his sentence because of his
5   health conditions and his rehabilitation.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to

a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute. U.S.S.G. § 1B1.13. The sentence reduction policy statement outlines categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction.

**B. Exhaustion or Lapse of 30 days**

Defendant has not shown that he exhausted his administrative remedies. Because of that, his motion will be denied.

**C. Extraordinary and Compelling Reasons**

Defendant, now age 52, contends that his health requires that he be released.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 3

After reviewing all the medical records provided, the Court does not find that this would warrant release from imprisonment. Defendant indicates that he has rehabilitated himself. This also does not warrant release from imprisonment.

In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

Defendant claims that he has demonstrated extraordinary rehabilitation. Claims of rehabilitation are not alone an extraordinary and compelling circumstance for release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 4

    (4)  the kinds of sentence and the sentencing range established for—
        (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
            (i)  issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
            (ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
        (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
    (5)  any pertinent policy statement—
        (A)  issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (B)  that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
    (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7)  the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At sentencing, Defendant's total offense level was 33 and he had a criminal history category of VI. This directed an advisory guideline range of 235 to 240 months of imprisonment. Considering all the sentencing factors, the Court expressly departed

from the advisory range to impose a sentence sufficient but not greater than necessary to comply with the purposes and goals of sentencing.

Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. Defendant was distributing child pornography images via email and receiving other images in return. Of the greatest concern is the defendant's extensive criminal history and past sexual offenses. Defendant has a criminal history score of 15, more than the amount needed to place him in Criminal History Category VI. He is a predatory sex offender, seeking the most vulnerable in our population to victimize, grooming them, and then sexually abusing them. He has been engaging in this type of conduct since he was a teenager, when he sexually assaulted a mentally retarded girl by promising her a gift from a toy store.

The Court is obligated to protect the public from defendant's serious, dangerous and devastating conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the

purposes of sentencing.

Considering the totality of all the facts, compassionate release is unwarranted.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's construed Motion for Compassionate Release, ECF No. 89, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** December 23, 2024.

THOMAS O. RICE
United States District Judge